**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| DARRELL CANADA, individually and on behalf of all others similarly situated | | PLAINTIFF |
| v. | No. 4:13CV00345 JLH | |
| DOMINION ENTERPRISES, a Virginia General Partnership; CROSS-SELL, LLC; and JOHN DOES 1-100 | | DEFENDANTS |

**OPINION AND ORDER**

Darrell Canada alleges that Dominion Enterprises and Cross-Sell, LLC, have violated the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq.* After discovery, the defendants have moved for sanctions pursuant to Federal Rule of Civil Procedure 11, while Canada has moved for class certification and for leave to file a first amended class action complaint. After reviewing the moving papers, the Court informed the parties that it was considering granting summary judgment in favor of the defendants pursuant to Federal Rule of Civil Procedure 56(f)(3) and invited the parties to submit additional evidence and arguments. Document #88. The Court also heard argument on the motions. For reasons explained below, the Court grants summary judgment in favor of the defendants and denies the remaining motions.

**I.**

Cross-Sell, a wholly owned subsidiary of Dominion, purchased motor vehicle records from the Arkansas Department of Finance and Administration. Cross-Sell represented to the Department that it was purchasing the records for use in connection with matters of motor vehicle safety and performance, for use in research activities, and for use in producing statistical reports. Cross-Sell

obtained Darrell Canada's personal information,[1] as well as the lienholder information on his vehicle, as part of its purchase of motor vehicle records. The records that Cross-Sell obtained included the names of lienholders of motor vehicles. The lienholder names were on a separate column from the other data fields listed from the motor vehicle records. Canada, however, is not a lienholder.

Cross-Sell used the records from the Arkansas Department of Finance and Administration to prepare reports related to motor vehicles sales in Arkansas, which were sold to third parties. The most detailed of these reports included the city, zip code, year, make, model, vehicle identification number, seller (unless the seller was an individual), and lienholder of each motor vehicle in Arkansas. Although the vast majority of the lienholders were businesses, some were individuals. No evidence exists that Cross-Sell or Dominion disclosed Canada's personal information.

After Canada commenced this action, the defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court denied the defendants' motion because Canada had alleged that the defendants obtained, used, or disclosed his personal information from motor vehicle records provided by the Arkansas Department of Finance and Administration, without Canada's consent, for bulk distribution for surveys, marketing, or solicitations. Document #44 at 3. In his deposition testimony, however, when Canada was asked whether he had evidence that the defendants had obtained, disclosed, or used his personal information for bulk distribution for surveys, marketing, or solicitations, he answered that he did not.

---

[1] The DPPA defines "personal information" as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but [it] does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

The defendants then moved for sanctions pursuant to Federal Rule of Civil Procedure 11, arguing that, due to Canada's admission, his attorneys had lacked evidentiary support for the basis of Canada's claim. As a sanction, the defendants requested dismissal of the complaint. Canada then moved for leave to file a first amended complaint, which added the claim that the defendants had obtained Canada's and others' personal information to cull through the information to determine whether Canada was a lienholder of a vehicle. The proposed first amended complaint included a request for an injunction prohibiting any continuing DPPA violations, and it added a claim for a declaratory judgment declaring that the defendants violated Arkansas Code Annotated § 27-14-412 and a regulation promulgated by the Arkansas Department of Finance and Administration. Canada also filed a motion for class certification. The parties submitted a substantial record to support and oppose these motions, yet none of the evidence indicated that Canada could survive summary judgment on either his original complaint or his proposed first amended complaint. For that reason, the Court notified the parties that it was considering granting summary judgment in favor of the defendants pursuant to Federal Rule of Civil Procedure 56(f)(3). *See* Document #88. The Court gave both parties an opportunity to submit additional evidence and arguments.

## II.

**A.     Summary Judgment**

After giving the parties notice and a reasonable time to respond, a court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3); *see Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir. 1995) ("[S]uch a grant of summary judgment is proper only where the 'party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to

demonstrate why summary judgment should not be granted.'"). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).[2] The court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013).

The Driver's Privacy Protection Act provides a civil cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted" under the Act. 18 U.S.C. § 2724(a). The individual to whom the personal information pertains may bring the action. *Id.*

Canada's complaint alleges that the defendants obtained, disclosed, or used his personal information, without his consent, for bulk distribution for surveys, marketing, or solicitations. *See* Document #1 at 18. The DPPA does not permit a person to obtain, disclose, or use personal information for bulk distribution for surveys, marketing, or solicitations unless the person to whom the personal information pertains gives the State his express consent. 18 U.S.C. § 2721(b)(12). Canada did not give his consent.

Canada has provided no evidence that his personal information was obtained, disclosed, or used for surveys, marketing, or solicitations.[3] Canada's argument is based on an inference: the defendants provide information to the Interactive Financial Marketing Group and to Dominion

---

[2] Canada is considered the nonmoving party. *See Madewell*, 68 F.3d at 1049.

[3] Canada has shown that the defendants obtained his personal information from motor vehicle records. *See* Document #80-7.

4

Dealer Solutions, both of which are divisions of Dominion, and because these divisions offer marketing and direct mail services, it is reasonable to infer that these divisions impermissibly used Canada's personal information for marketing or direct mail services.[4] Canada, however, has not identified what personal information the defendants provide to these divisions or what personal information these divisions use or disclose. The defendants represented to the Arkansas Department of Finance and Administration the purposes for which they would use the vehicle records, none of which was to obtain, disclose, or use personal information for marketing, surveys, or solicitations. Document #82-3 at 2-3. The uses the defendants represented to the DFA – use in connection with matters of motor vehicle safety and performance, use in research activities, and use in producing statistical reports – are permitted by the DPPA. 18 U.S.C. § 2721(2), (5).

Canada's proposed first amended complaint adds a new claim against the defendants: that they obtained the personal information of Canada and other persons to cull through the information and find names of lienholders to sell those names to third parties. The defendants obtained names of lienholders of motor vehicles from the information contained in the motor vehicle record data sets, and they disclosed the names of lienholders to third parties. Canada, however, is not a lienholder, and no evidence exists that the defendants disclosed his name to third parties. Canada's argument is not that the defendants disclosed his personal information but that they obtained his personal information for the purpose of determining whether he was a lienholder so that, if he was, the defendants could disclose that information to third parties. Canada has provided no evidence that this is the reason that the defendants sought his personal information. *See Howard v. Criminal*

---

[4] Canada's complaint was broader, focusing on the marketing services the defendants provide through numerous divisions, but Canada's proposed first amended complaint and response to the motion for sanctions limits the focus to these two divisions.

*Info. Servs., Inc.*, 654 F.3d 887, 891 (9th Cir. 2011) (defining "purpose" under the DPPA as "'something that one sets before himself as an object to be attained; an end in aim to be kept in view'" and, in simpler terms, as "the reason [the defendants] wanted the information" (quoting *Webster's Third New International Dictionary* 1847 (2002)); *id.* (quoting *Black's Law Dictionary* 1356 (9th ed. 2009) for the definition of purpose as "an objective, goal, or end"); *Potocnik v. Carlson*, – F. Supp. 2d. –, No. 13-CV-2093, 2014 WL 1206403, at *4 (D. Minn. Mar. 24, 2014) ("[18 U.S.C.] § 2724 requires the *plaintiff* to plead and prove that the defendant had a *bad* purpose."); *see also Cook v. ACS State & Local Solutions, Inc.*, 663 F.3d 989, 994-95 (8th Cir. 2011) (stockpiling drivers' personal information without using it or for later permissible use is not a violation of the DPPA).

Canada argues that evidence of purpose is the disclosure itself. In some instances, disclosure of some individuals' personal information may evidence the reason for obtaining other individuals' personal information. But that is not the case here. Because the lienholder information is its own data field separate from Canada's personal information, the defendants had no need to view, much less to cull through, Canada's personal information to provide the name of the lienholder of Canada's vehicle. Further, the record shows that the defendants obtained Canada's and other drivers' personal information to produce statistical reports that did not disclose their personal information. Because evidence exists that the defendants obtained Canada's personal information for reasons that had nothing to do with culling through that information to determine whether he was a lienholder, and because no evidence exists that would allow a reasonable juror to infer that the defendants obtained Canada's personal information to cull through it to determine whether he was a lienholder, no reasonable juror could find that the defendants obtained Canada's personal

information for an impermissible purpose. The Court therefore grants summary judgment to the defendants as to Canada's claims under the DPPA.

**B.     Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11**

As noted, the defendants have filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. When an attorney submits a pleading, he represents that to the best of his belief, formed after a reasonable inquiry, "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3); *see Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) ("To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis."). Canada's complaint alleges that the defendants obtained, disclosed, or used Canada's personal information from motor vehicle records for bulk distribution for surveys, marketing, or solicitations. The defendants argue that Canada's attorneys had no evidentiary support for Canada's claim that the defendants obtained, disclosed, or used Canada's personal information for bulk distribution for surveys, marketing, or solicitations.

The defendants use Canada's deposition as evidence that his attorneys had no evidentiary support for the factual contention. Canada had no knowledge of what the defendants did after they obtained his personal information from motor vehicle records. Canada's lack of knowledge does not, however, mean that his attorneys had no factual basis for the allegations.

Canada's attorneys argue that it was reasonable to infer that the defendants obtained, disclosed, or used Canada's personal information for marketing, surveys, or solicitations because those were the most logical possibilities as to why the defendants would purchase such information from the Arkansas Department of Finance and Administration. Canada's attorneys argue that the

defendants purchased more information than was necessary for their professed needs; that publicly available data did not indicate that the defendants engaged in survey research; that Dominion's website offered a link to its direct mail services website to automotive dealers; that Dominion is engaged in selling targeted marketing services; that Canada had received direct mail marketing from automotive companies in the past; and that only three companies had contracts with the State of Arkansas to purchase drivers' records in bulk.  Canada's attorneys spent more than fifty hours looking into the basis of the complaint before filing the complaint.  Although the inferences that Canada's attorneys drew from these facts ultimately were unsubstantiated, they were not so thin, and the inquiry was not so unreasonable, as to warrant sanctions under Rule 11.  *Cf. Clark v. United Parcel Serv.*, 460 F.3d 1004, 1010 (8th Cir. 2006) ("Determinations under Rule 11 often involve 'fact-intensive, close calls' . . . ." (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404, 110 S. Ct. 2447, 2460, 110 L. Ed. 2d 359 (1990))).

Moreover, the grant of summary judgment provides the defendants the relief they requested in their Rule 11 motion – dismissal of the complaint – without using the Rule 11 motion as an indirect method toward achieving that end.  *See* Fed. R. Civ. P. 11 advisory committee notes (other motions are available to test the legal sufficiency or efficacy of allegations in the pleadings); *see also Hanson v. Loparex, Inc.*, Civil No. 09-1070, 2011 WL 3609381, at *5 (D. Minn. 2011) ("Based on this Court's disposition of those summary judgment motions, much of the relief Hanson and Mondi seek . . . already has been afforded . . . .  Accordingly, the present Rule 11 motions are moot insofar as each requests . . . dismissal.").

## CONCLUSION

The Court grants summary judgment in favor of the defendants as to Canada's claims under the DPPA. The Court declines to exercise supplemental jurisdiction over Canada's remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3); *Hendricks v. Inergy, L.P.*, No. 4:12CV00069 JLH, 2013 WL 6984634, at *5 (E.D. Ark. July 18, 2013).

The defendants' motion for Rule 11 sanctions is denied. Document #69.

Canada's motion for leave to file a first amended complaint is denied as futile. Document #76.

Canada's motion for class certification is denied as moot. Document #49; *see Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209, 1211 n.1 (11th Cir. 2005) ("[I]t is 'within the court's discretion to consider the merits of the claims before their amenability to class certification.'" (quoting *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000))).

IT IS SO ORDERED this 27th day of May, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE